UNITED STATES OF AMERICA,

                 Plaintiff,

     v.

MICHAEL LOCK,
JERHONDA MCCRAY,
CHIANTI CLAY,
KEVIN SLAMANN,
MONIQUE DUNLAP,
MARCUS LEONARD,
RUBEN FIELDS,
NICOLE BROWN,
LISA COLELLA, formerly known as LISA GEIGER, and
KRISTA JERAY,

                 Defendants.

Case No.

[18, U.S.C. §§ 1341,1343, 1344
& 2]

---

## INDICTMENT

---

**THE GRAND JURY CHARGES:**

### Allegations Common to All Counts

#### Background

1.    At all times relevant to this indictment:

    a.    Michael Lock acted as a mortgage loan broker/loan originator and an owner/operator of World Financial Mortgage, LLC, a mortgage brokerage company; represented himself to be a sales agent/marketing director/loan originator at CW Mortgage, LLC, a mortgage brokerage company; and acted as the owner/operator of Lock's Home Improvement, a home improvement business;

1

b.  Jerhonda McCray acted as a mortgage loan broker/loan originator and as an owner/operator of World Financial Mortgage, LLC, and as a property appraiser, doing business as USA Appraisals;

c.  Chianti Clay acted as a mortgage broker, an investment advisor, and the owner/operator of CDC Investments;

d.  Kevin Slamann acted as a closing agent, and as the owner/operator of Excell Closing Services, LLC, a title and mortgage closing company, and as the owner/operator of Harvard Title and Closing Services, LLC, a title and closing company;

e.  Monique Dunlap acted as a loan originator;

f.  Marcus Leonard acted as a document forger;

g.  Ruben Fields acted as a property appraiser, doing business as Express Valuation;

h.  Nicole Brown acted as the owner/operator of Jasmine's Learning House, a day care center;

I.  Lisa Colella formerly know as Lisa Geiger acted as a mortgage loan closing agent; and,

j.  Krista Jeray acted as a loan originator.

**Scheme to Defraud: Counts One through Twenty**

2.  From on or about a date in 2004, until August 1, 2007, at least the date of this indictment, in the State and Eastern District of Wisconsin, and elsewhere,

**MICHAEL LOCK,**
**JERHONDA MCCRAY,**
**CHIANTI CLAY,**
**KEVIN SLAMANN,**
**MONIQUE DUNLAP,**
**MARCUS LEONARD,**
**RUBEN FIELDS,**
**NICOLE BROWN,**
**LISA COLELLA formerly known as LISA GEIGER,**
**KRISTA JERAY,**

2

and others, knowingly, devised and participated in a scheme to defraud and to obtain money from lending institutions by means of material false and fraudulent pretenses, representations and promises. In this scheme, the participants fraudulently obtained mortgage loans on numerous properties located in the metropolitan Milwaukee area and arranged to have the proceeds of the fraud split, in varying proportions, among themselves. The scheme is described in part in the following paragraphs:

3. Michael Lock and Chianti Clay induced persons, primarily young women, to purchase distressed inner city properties by promising that they, Lock and Clay, would manage the properties, collect rent, pay the mortgage, and renovate the properties to increase the re-sale value.

4. On some occasions, Lock and Clay represented to the prospective buyer that the buyer would also receive a cash payment at the time of the mortgage loan closing as an inducement for making the purchase.

5. In most instances, the prospective buyer never saw the property which the buyer had agreed to purchase.

6. In order to secure financing for the properties, Lock and Clay arranged to have fraudulent loan applications prepared in the names of the prospective buyers.

7. Michael Lock, Chianti Clay, Jerhonda McCray, Monique Dunlap, Marcus Leonard, Krista Jeray, and others participated in the preparation of fraudulent loan applications and supporting documents.

8. The loan applications were fraudulent in that they contained materially false information about the prospective buyers' employment, income, assets, and intent to occupy the

3

purchased property, in addition to other misrepresentations.

9. The loan applications often contained forged supporting documents, such as earnings statements, W-2 forms, and bank account statements.

10. Lock and Clay told the prospective buyers that it was not illegal to misrepresent their employment information on the loan application, and that it was a standard practice that was accepted in the mortgage industry to qualify a buyer for a loan.

11. At the request of Lock and Clay, Nicole Brown falsely verified employment information for prospective buyers who were never employed by her.

12. In order to secure financing for the properties, Lock and Clay also arranged to have fraudulent appraisals prepared for the target properties.

13. Jerhonda McCray, Ruben Fields, and others participated in the preparation of fraudulent appraisals.

14. The appraisals were fraudulent in that they contained materially false statements about the condition and value of the target properties, and in some instances, failed to disclose that the properties had sold for a substantially lower price within a short period of time prior to the projected sale.

15. In order to conceal the actual value and condition of the properties, Lock and Clay often shopped the loan applications to lenders whose primary place of business was outside of the State of Wisconsin, and who accordingly would be less likely to recognize the falsely inflated value of the target properties.

16. After securing a loan commitment from a lender, Lock and Clay, or one of their associates, arranged for the closing to be handled by a closing agent who was willing to

4

manipulate the settlement details and conceal details of the fraud.

17. At some of the closings, the scheme participants falsely represented that they were due funds from the seller for renovations or other activity which created a lien on the property.

18. On some occasions, the scheme participants provided the buyers with counterfeit checks to be presented at closing as earnest money or as payment for buyer required funds at closing. On other occasions, the scheme participants purchased real cashier's checks which were photocopied and the photocopies were used as proof of buyer required payments, after which the cashier's checks were re-deposited into the scheme participants' own accounts with the notations "not used for intended purpose."

19. On some occasions, the scheme participants forged documents purporting to be from the seller or the seller's power of attorney.

20. Kevin Slamann, Lisa Colella, formerly known as Lisa Geiger, and others acted as closing agents for the fraudulently secured loans.

21. At or about the time of the closing, Lock, Clay, and their associates received disbursements from the lender funds which were not disclosed to the lender or reflected on the settlement statement.

22. Kevin Slamann concealed fraudulent information on closing statements and concealed unlawful disbursements to Lock, Clay, and their associates by manipulating the disbursements of the lender funds which had been wired into his escrow account.

23. After the mortgage loan closings, some of the buyers were paid money in order to secure their continued cooperation and silence.

24. After the mortgage loan closings, Lock and Clay made few, if any, of the

5

promised improvements to the properties.

25.　After the mortgage loan closings, Lock and Clay made few, if any, of the promised mortgage payments on the properties, causing the loans to go into default and the properties into foreclosure.

26.　By the time of the indictment Lock, Clay, and their associates had caused lenders to advance in excess of $2 million in loan proceeds for the purchase of distressed properties in the City of Milwaukee, based upon materially fraudulent representations.

6

## WIRE AND MAIL FRAUD COUNTS

### The Happel Properties

### COUNT ONE

**THE GRAND JURY FURTHER CHARGES:**

27.      On or about January 13, 2005, in the State and Eastern District of Wisconsin, and elsewhere,

**MICHAEL LOCK,
JERHONDA MCCRAY,
CHIANTI CLAY,
NICOLE BROWN,**

and others, for the purpose of executing the above described scheme, did knowingly cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished a wire transfer of approximately $173,000, from the warehouse bank account of Sebring Capital Corporation at JP Morgan Chase, Belleville, Michigan, for credit to the escrow account of Nations Title Agency of Wisconsin, at Bank One, Milwaukee, Wisconsin, for the purchase of the property at 3323 North Richards Street, Milwaukee, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

7

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES:**

28.    On or about January 19, 2005, in the State and Eastern District of Wisconsin, and elsewhere,

**MICHAEL LOCK,
JERHONDA MCCRAY,
CHIANTI CLAY,
NICOLE BROWN,**

and others, for the purpose of executing the above described scheme, did knowingly cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished a wire transfer of approximately $166,772.30, from Freemont Investments, California, for credit to the account of Nations Title Agency of Wisconsin, Inc., at Bank One , Milwaukee, Wisconsin, for the purchase of a property located at 1918 North 13th Street, Milwaukee, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

8

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES:**

29.     On or about March 8, 2005, in the State and Eastern District of Wisconsin, and

elsewhere,

**MICHAEL LOCK,**
**JERHONDA MCCRAY,**
**CHIANTI CLAY,**
**NICOLE BROWN,**

and others, for the purpose of executing the above described scheme, did knowingly cause to be

transmitted in interstate commerce by means of a wire communication, certain signs, signals, and

sounds which accomplished a wire transfer of approximately $150,000 from the warehouse bank

account of Central States Mortgage (CSMC) at Corporate Central Credit Union, Muskego,

Wisconsin, for credit to the escrow account of Residential Title Services, Inc., at US Bank in

Lombard, Illinois, for the purchase of a property located at 2951 North Buffum, Street,

Milwaukee, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

9

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES:**

30.     On or about March 30, 2005, in the State and Eastern District of Wisconsin, and elsewhere,

**MICHAEL LOCK,**
**CHIANTI CLAY,**
**NICOLE BROWN,**

and others, for the purpose of executing the above described scheme, did knowingly cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished a wire transfer of approximately $61,000 from the warehouse bank account of Central States Mortgage (CSMC) at Corporate Central Credit Union, Muskego, Wisconsin, for credit to the escrow account of Residential Title Services, Inc., at US Bank in Lombard, Illinois, for the purchase of a property located at 2838 North 11th Street, Milwaukee, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

10

**THE GRAND JURY FURTHER CHARGES:**

31.     On or about April 11, 2005, in the State and Eastern District of Wisconsin and elsewhere,

> **MICHAEL LOCK,**
> **CHIANTI CLAY,**
> **RUBEN FIELDS,**
> **NICOLE BROWN,**

and others, for the purpose of executing the above described scheme, did knowingly cause to be transmitted in interstate commerce by means of a wire communication, certain signs signals, and sounds which accomplished a wire transfer of approximately $80,000 from the warehouse bank account of Central States Mortgage (CSMC) at Corporate Central Credit Union, Muskego, Wisconsin, for credit to the escrow account of Residential Title Services, Inc., at US Bank, Wisconsin, in Lombard, Illinois, for the purchase of a property located at 3128 North 42nd Street, Milwaukee, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

11

**The Bowen Property**

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES:**

32.     On or about August 12, 2005, in the State and Eastern District of Wisconsin, and elsewhere,

**MICHAEL LOCK,
JERHONDA MCCRAY,
CHIANTI CLAY,
KEVIN SLAMANN,
MARCUS LEONARD,
NICOLE BROWN,**

and others, for the purpose of executing the above described scheme, did knowingly cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished the wire transfer of approximately $72,000 from the warehouse bank account of Aames Funding Corporation at JP Morgan Chase Bank, New York, New York, for credit to the escrow account of Excell Closing Services at M&I Marshall and Ilsley Bank, Milwaukee, Wisconsin, for the purchase of a property located at 4944 North 24th Place, Milwaukee, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

12

**COUNT SEVEN**

**THE GRAND JURY FURTHER CHARGES:**

33.     On or about August 12, 2005, in the State and Eastern District of Wisconsin, and elsewhere,

**MICHAEL LOCK,**
**JERHONDA MCCRAY,**
**CHIANTI CLAY,**
**KEVIN SLAMANN,**
**MARCUS LEONARD,**
**NICOLE BROWN,**

and others, for the purpose of executing the above described scheme, did knowingly cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished the wire transfer of approximately $18,000 from the warehouse bank account of Aames Funding Corporation at JP Morgan Chase Bank, New York, New York, for credit to the escrow account of Excell Closing Services at M&I Marshall and Ilsley Bank, Milwaukee, Wisconsin, for the purchase of a property located at 4944 North 24th Place, Milwaukee, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

13

**The Flynn Properties**

## COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES:**

34.     On or about February 22, 2005, in the State and Eastern District of Wisconsin, and elsewhere,

**MICHAEL LOCK,**
**JERHONDA MCCRAY,**
**CHIANTI CLAY,**
**NICOLE BROWN,**

and others, for the purpose of executing the above described scheme, did knowingly cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished the wire transfer of approximately $50,400 from the warehouse bank account of Argent Mortgage at Deutsche Bank, Deutsche Bank Trust Company, New York, New York for credit to the account of Nations Title, at Bank One Wisconsin, Milwaukee, Wisconsin, for the purchase of a property located at 2761 North 23rd Street, Milwaukee, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

14

## COUNT NINE

**THE GRAND JURY FURTHER CHARGES:**

35.    On or about April 18, 2005, in the State and Eastern District of Wisconsin, and elsewhere,

**MICHAEL LOCK,**
**CHIANTI CLAY,**
**MONIQUE DUNLAP,**
**JERHONDA MCCRAY,**
**MARCUS LEONARD,**
**NICOLE BROWN,**

and others, for the purpose of executing the above described scheme, did knowingly cause to be delivered by commercial interstate carrier, from First Equity Title Company, Milwaukee Wisconsin, to Decision One Mortgage, Charlotte, North Carolina, an envelope containing a the closing documents for the sale of a property located at 2763 North 6th Street, Milwaukee, Wisconsin.

All in violation of Title 18, United States Code, Sections 1341 and 2.

15

**THE GRAND JURY FURTHER CHARGES:**

36.     On or about April 28, 2005, in the State and Eastern District of Wisconsin, and elsewhere,

**MICHAEL LOCK,**
**CHIANTI CLAY,**
**MARCUS LEONARD,**
**NICOLE BROWN,**

and others, for the purpose of executing the above described scheme, did knowingly cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished the wire transfer of approximately $124,000 from the warehouse bank account of BNC Mortgage, Irvine, California at Bank of New York, New York, New York, for credit to the escrow account of Stewart Title and Closing at Associated Bank, Milwaukee, Wisconsin, for the purchase of a property located at 3876 North 52nd Street, Milwaukee, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

16

## COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES:**

37.    On or about May 5, 2005, in the State and Eastern District of Wisconsin, and elsewhere,

**MICHAEL LOCK,**
**CHIANTI CLAY,**
**MARCUS LEONARD,**
**RUBEN FIELDS,**
**NICOLE BROWN,**

and others, for the purpose of executing the above described scheme, did knowingly cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished the wire transfer of approximately $78,000 from the warehouse bank account of BNC Mortgage, Irvine, California, at Bank of New York, New York, New York for credit to the escrow account of Stewart Title at Associated Bank, Milwaukee, Wisconsin, for the purchase of a property located at 3332 North 38th Street, Milwaukee, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

17

**THE GRAND JURY FURTHER CHARGES:**

38.     On or about May 11, 2005, in the State and Eastern District of Wisconsin, and elsewhere,

**MICHAEL LOCK,**
**CHIANTI CLAY,**
**MONIQUE DUNLAP,**
**RUBEN FIELDS,**
**MARCUS LEONARD,**
**NICOLE BROWN,**

and others, for the purpose of executing the above described scheme, did knowingly cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished the wire transfer of approximately $81,000 from the warehouse bank account of One Choice Mortgage, at Horizon Bank, Michigan City, Indiana, for credit to the escrow account of First Equity Title, at State Financial Bank, Brookfield, Wisconsin, for the purchase of a property located at 4251 North 42nd Street,  Milwaukee, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THIRTEEN

**THE GRAND JURY FURTHER CHARGES:**

39.    On or about May 31, 2005, in the State and Eastern District of Wisconsin, and elsewhere,

**MICHAEL LOCK,**
**CHIANTI CLAY,**
**MARCUS LEONARD,**
**KRISTA JERAY,**

and others, for the purpose of executing the above described scheme, did knowingly cause to be delivered by commercial interstate carrier, from US Title and Closing, Glendale, Wisconsin, to Finance America, LLC, Irvine, California, an envelope containing the closing documents for the for the sale of a property located at 3240-3242 North Palmer, Milwaukee, Wisconsin.

All in violation of Title 18, United States Code, Sections 1341 and 2.

19

## The Hinton Property

## COUNT FOURTEEN

**THE GRAND JURY FURTHER CHARGES:**

40.     On or about May 20, 2005, in the State and Eastern District of Wisconsin, and elsewhere,

**MICHAEL LOCK,
CHIANTI CLAY,
MONIQUE DUNLAP,
RUBEN FIELDS,
NICOLE BROWN,**

and others, for the purpose of executing the above described scheme, did knowingly cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished the wire transfer of approximately $68,000 from the warehouse bank account of One Choice Mortgage, LLC, at Horizon Bank, Michigan City, Indiana, for credit to the escrow account of First Equity Title Company, LLC at State Financial Bank in Brookfield, Wisconsin, for the purchase of a property located at 3374 North 25th Street, Milwaukee, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

20

**The Antoine Property**

## COUNT FIFTEEN

**THE GRAND JURY FURTHER CHARGES:**

41.     On or about September 13, 2004, in the State and Eastern District of Wisconsin, and elsewhere,

### MICHAEL LOCK,
### CHIANTI CLAY,

and others, for the purpose of executing the above described scheme, did knowingly cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished the wire transfer of approximately $74,000 from the warehouse bank account of Argent Mortgage at Deutsche Bank Trust Company, New York, New York for credit to the escrow account Midwest Title and Closing, Park Bank, Milwaukee, Wisconsin for the purchase of a property located at 5822-5824 North 64th Street, Milwaukee, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SIXTEEN

**THE GRAND JURY FURTHER CHARGES:**

42.     On or about September 8, 2005, in the States and Eastern District of Wisconsin, and elsewhere,

**MICHAEL LOCK,
JERHONDA MCCRAY,
CHIANTI CLAY,
KEVIN SLAMANN,**

and others, for the purpose of executing the above described scheme, did knowingly cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished the wire transfer approximately $63,000 from the warehouse bank of Argent Mortgage at Deutsche Bank Trust Company, New York, New York, for credit to the escrow account of Excell Closing Services, at M&I Marshall and Ilsley Bank, Milwaukee, Wisconsin, for the purchase of the property located at 2975 North 24th Street, Milwaukee, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

22

## COUNT SEVENTEEN

**THE GRAND JURY FURTHER CHARGES:**

43.     On or about September 8, 2005, in the States and Eastern District of Wisconsin, and elsewhere,

**MICHAEL LOCK,
JERHONDA MCCRAY,
CHIANTI CLAY,
KEVIN SLAMANN,**

and others, for the purpose of executing the above described scheme, did knowingly cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished the wire transfer approximately $104,000 from the warehouse bank of Argent Mortgage at Deutsche Bank Trust Company, New York, New York for credit to the escrow account of Excell Closing Services, at M&I Marshall and Ilsley Bank, Milwaukee, Wisconsin, for the purchase of the property located at 3732 North 27th Street, Milwaukee, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

23

**THE GRAND JURY FURTHER CHARGES:**

44.     On or about September 8, 2005, in the States and Eastern District of Wisconsin, and elsewhere,

**MICHAEL LOCK,**
**JERHONDA MCCRAY,**
**CHIANTI CLAY,**
**KEVIN SLAMANN,**

and others, for the purpose of executing the above described scheme, did knowingly cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished the wire transfer approximately $75,000 from the warehouse bank of Argent Mortgage at Deutsche Bank Trust Company, New York, New York, for credit to the escrow account of Excell Closing Services, at M&I Bank Marshall and Ilsley Bank, Milwaukee, Wisconsin, for the purchase of the property located at 3771 North 10th Street, Milwaukee, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343 and 2.

24

## COUNT NINETEEN

**THE GRAND JURY FURTHER CHARGES:**

45.     On or about February 27, 2006, in the States and Eastern District of Wisconsin, and elsewhere,

**MICHAEL LOCK,
CHIANTI CLAY,
KEVIN SLAMANN,**

and others, for the purpose of executing the above described scheme, did knowingly cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds which accomplished the wire transfer approximately $76,000 from the account of Long Beach Mortgage, Washington Mutual Bank, Stockton, California, for credit to the escrow account of Excell Closing Services, at M&I Marshall and Ilsley Bank, Milwaukee, Wisconsin, for the purchase of the property located at 3386 North 26th Street, Milwaukee, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343, and 2.

25

## COUNT TWENTY

### THE GRAND JURY FURTHER CHARGES:

47.    On or about February 27, 2006, in the States and Eastern District of Wisconsin,

and elsewhere,

**MICHAEL LOCK,
CHIANTI CLAY,
KEVIN SLAMANN,**

and others, for the purpose of executing the above described scheme, did knowingly cause to be

transmitted in interstate commerce by means of a wire communication, certain signs, signals, and

sounds which accomplished the wire transfer approximately $19,000 from the account of Long

Beach Mortgage, Washington Mutual Bank, Stockton, California, for credit to the escrow

account of Excell Closing Services, at M&I Marshall and Ilsley Bank, Milwaukee, Wisconsin,

for the purchase of the property located at 3386 North 26th Street, Milwaukee, Wisconsin.

All in violation of Title 18, United States Code, Sections 1343, and 2.

26

# BANK FRAUD

## COUNT TWENTY-ONE

**THE GRAND JURY FURTHER CHARGES:**

48.     Between on or about June 18, 2004, and on or about June 30, 2004, in the State

and Eastern District of Wisconsin, and elsewhere,

## CHIANTI CLAY,

## LISA COLELLA, FORMERLY KNOWN AS LISA GIEGER,

and others, knowingly devised and participated in a scheme to defraud Wells Fargo Bank, a

financial institution, and to obtain money under the custody and control of Wells Fargo Bank by

means of false and fraudulent pretenses, and representations.

### The Bank Fraud Scheme

49.     The scheme was essentially as follows:

    a.     In or about June 2004, Chianti Clay and others created materially false documents, including a loan application and offer to purchase, in the name of M.R., for a property located at 7330 West Medford Avenue, Milwaukee, Wisconsin.

    b.     The documents were presented to Wells Fargo Bank, a federally insured financial institution, with the intent to obtain funding for a mortgage loan for the purchase of the property at 7330 West Medford Avenue, Milwaukee, Wisconsin.

    c.     The documents were false in that they were not created or signed by M.R., but were actually created without the knowledge or consent of M.R.

    d.     Between on or about June 18, 2004, and June 30, 2004, Chianti Clay and others also created materially false documents, purportedly signed by the seller, including a mortgage dated June 18, 2004, granting a lien of $50,764.56 to Chianti Clay, an Affidavit as to Judgements, and a warranty deed dated June 30, 2004, transferring ownership of the property to M.R.

27

e.     The documents were false in that they were not actually created or signed by the person who was identified as the seller, since that person was deceased at the time, having died on November 20, 2002.

f.     Following the closing on the property, the warranty deed transferring the property to M.R. was never recorded.

g.     As a result of the scheme, Wells Fargo Bank was defrauded in the amount of $86,450.

## Execution of the Scheme

50.     On or about June 30, 2004, in the State and Eastern District of Wisconsin,

**CHIANTI CLAY,**
**LISA COLELLA, FORMERLY KNOWN AS LISA GEIGER,**

and others, for the purpose of executing the above described scheme caused the disbursement of

funds from Wells Fargo Bank to the escrow account of Metro Title, doing business as Stellar

Title, for disbursement to Clay and others.

All in violation of Title 18, United States Code, Sections 1344 and 2.

28

## FORFEITURE ALLEGATION

51.     As a result of the foregoing violations of Title 18, United States Code, Sections

1341, 1343 and 1344, the defendants shall forfeit to the United States, pursuant to Title 18,

United States Code, Section 982, including cross-references; Title 21, United States Code,

Section 853(p); any property constituting or derived from proceeds obtained directly or indirectly

as a result of the offense(s) including, but not limited to, the following:

    a       A sum of money equal to the amount of proceeds the defendant

            obtained as a result of the offense(s); and

    b.      Any and all real or other property (or such portion thereof)

            constituting or derived from any proceeds that the defendant

            obtained directly or indirectly as a result of the offense(s).

    If any of the above-described forfeitable property, as a result of any act or

omission of a defendant, cannot be located upon the exercise of due diligence; has been

transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction

of the Court; has been substantially diminished in value; or, has been commingled with other

property which cannot be subdivided without difficulty, it is the intent of the United States to

seek forfeiture of any other property of the defendant up to the value of the above forfeitable

property, all pursuant to Title 18, United States Code, Section 982, including cross-references;

Title 21, United States Code, Section 853(p).

A TRUE BILL:

FOREPERSON

DATED_____ 8/1/07

STEVEN M. BISKUPIC
United States Attorney