# COURT MINUTES OF HEARING

UNITED STATES of AMERICA,

    v.                                                          CASE NO. 07-CR-204

MICHAEL LOCK.

## HON. J. P. STADTMUELLER PRESIDING

| | |
|---|---|
| DATE: March 19, 2009 | TIME SCHEDULED: 8:30 a.m. |
| COURT DEPUTY/CLERK: Katie Bender-Olson | TIME CALLED: 8:39 a.m. |
| COURT REPORTER: Sheryl Stawski | TIME FINISHED: 9:01 a.m. |
| GOVERNMENT BY: Carol Kraft, Kurt Benkley | |
| DEFENDANT BY: Alex Flynn, Jamie Wiemer | |
| PROBATION BY: Jim Fetherston | |

Notes:
8:39 Appearances.
8:39 Court asks whether defendant and government are prepared to proceed with sentencing given recent presentence report objections and responses. Parties indicate they are ready to proceed.
8:41 Court notes finding of guilt by jury verdict against the defendant in December 2008. Defendant and defense counsel verify that they have reviewed the presentence report and addendum.
8:42 Defense counsel notes that they have no additional objections, but reiterates objection to relying upon the lenders as credible sources of reliable information.
8:43 Court emphasizes the importance of determining appropriate restitution according to the directives of Congress embodied in 18 U.S.C. § 3664. Court notes that it cannot determine from the presentence report or addendum whether the probation department fulfilled its obligations under the statute.
8:48 Court notes that the proceedings may result in further litigation in the form of an appeal or § 2255 motion. Thus, the record needs to be as complete as possible. Court acknowledges that the government or FBI may view the undertaking as futile, given the low probability of restitution being repaid.
8:50 Court wants to delay the hearing to allow the probation department to fully comply with the requirements of § 3664 and submit findings from the individual victims. These actions are necessary for the court to fully comport its determination with what Congress has required in the statute.
8:51 AUSA Kraft advises the court that the government provided information regarding the ultimate victim in each count and contact information to the probation department. AUSA Kraft comments rearding complications posed by multiple sales of the mortgage

loans.
8:52 Court notes that § 3664(d)(1) requires that the information be provided to probation not later than 60 days prior to the initial sentencing date. Court advises the government to submit information in table form to the probation department regarding the addresses, photos, tax records, abstracts, and appraisals for each property and a flow chart of the owner victims.
8:56 Court directs the court reporter to prepare transcripts of the hearing for probation and the parties to provide clarity on what is expected. The court will schedule a future sentencing hearing or other hearings as appropriate.
8:59 Court will await word from counsel regarding the scheduling of a sentencing hearing.
9:00 AUSA Kraft inquires whether the court's requirements will affect other sentencings scheduled for early April.
9:00 Court confirms that the matters will affect other sentencing hearings, which may have to be adjourned. Court notes that the transcript of the hearing will be made available to any other defendant.
9:01 Court stands in recess.